## UNITED STATES *v.* FURUYA CO. (No. 1528).[1]

CANNED BEEF AND MUSHROOMS.

> There are present in these goods two distinct articles mixed together before importation. There is no evidence of the relative value of these, nor is a commercial designation shown. The mushrooms are not introduced as flavoring, but are articles of food. Neither the mixed material clause nor the rule of value in chief has any application here and the beef and mushrooms were not entitled to free entry.

### United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 37274.

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, on the brief), for the United States.

Submitted on record by appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise involved in this case consists of meat and mushrooms imported in cans labeled "Mushroom and beef." The evidence shows that it consists of 25 to 30 per cent of mushrooms and 70 to 75 per cent beef. There is no evidence in the record of the relative value of the two components, and commercial designation is not shown. The importation was assessed for duty as a nonenumerated manufactured article and is claimed to be free of duty under paragraph 545 of the tariff act of 1913. The protest was sustained, and the Government appeals.

The sample itself indicates that the mushrooms are not introduced simply for the purpose of flavoring, and certainly not for preserving the meat. It is true that a witness for the importer testified:

Q. You claim it is meat, do you?—A. Yes; well, meat and mushrooms.

Q. And that mushrooms is merely a flavor?—A. That is all what I claim; that it is no more a manufactured article now than it was under the old tariff.

On cross-examination he was asked:

Q. And it is invoiced as beef and mushrooms?—A. Yes; just as it always has been for some years.

Q. The mushrooms and beef are taken together, aren't they?—A. I presume so.

Q. And mushrooms is an article of food, aside from meat?—A. Yes, sir; of course they import considerable mushrooms dried.

Q. And dried mushrooms are dutiable at 2½ cents a pound?—A. Yes.

Q. Under the present act?—A. Yes, and under the old act, too.

We think it clear that, apart from the suggestion hereafter to be noted, this article can not be treated as meat, prepared or preserved. It is obvious that the mushrooms perform no office in preserving the meat, but are a distinct article of food, often used by themselves, and it is equally obvious that they are not designed for the simple

---

[1] Reported in T. D. 35463 (28 Treas. Dec., 903).

purpose of flavoring the meat itself. There are present two distinct articles, mixed together before importation.

The board determined the case upon the ground that the testimony shows that prior to the tariff act of 1913 the commodity in question was assessed under the provisions of paragraph 286 of the tariff act of 1909, which reads "meats of all kinds, prepared or preserved, not specially provided for in this section," and concluded that inasmuch as the identical language is now embraced in paragraph 545, a paragraph of the free list, it should be admitted free. On the face of it, this view would be entitled to considerable force, but a history of the decisions of the board indicates a reason why this was assessed as prepared meat, which demonstrates that the scope of the departmental construction of the old tariff law is not as broad as it would appear upon its face and as was held by the board.

In G. A. 3637 (T. D. 17498) the board had before it an article invoiced as "erbswurst," which was assessed for duty as "pease, prepared or preserved." Among other claims was one that it was dutiable as "meats of all kinds, prepared or preserved." The board said:

We find from the testimony taken at the hearing and from the accompanying sample of the merchandise, that it is sold in trade and commercially known as "pea sausage," and consists of ground pease mixed with sausage and flavored with spices. The sausage element is the component material of chief value. The article is used for the purpose of making soup, by the admixture of water and application of heat, and is therefore a manufactured food product, not a mere vegetable; nor is it simply a meat nor an extract of meat.

And it was held to be dutiable as a nonenumerated manufactured article.

Subsequently, under the tariff act of 1897, the board had before it, in G. A. 5756 (T. D. 25498) sausages in the skin, composed of meat, vegetables, spices, etc., meat being the component material of chief value. It was said:

Which of the component materials is of chief value is not shown by the record. Presumably the articles are composed in chief value of prepared meat. If not prepared meat within the meaning of paragraph 275, still it would seem that, as nonenumerated articles, they would be required to pay the same rate by virtue of the provision in section 7, which prescribes that "on articles not enumerated, manufactured of two or more materials, the duty shall be assessed at the highest rate at which the same would be dutiable if composed wholly of the component material thereof of chief value."

There were two opinions in the case. In the concurring opinion of General Appraiser Somerville it was stated, referring to T. D. 17498, *supra:*

We held that an article known as "pea sausage," consisting of ground pease mixed with sausage and flavored with spices, sausage being the component of chief value, was dutiable as a nonenumerated article and not as prepared meat under paragraph 225¾ of the tariff act of 1894. The decision in Murphy *v.* Arnson, *supra,* was not at that time brought to our attention nor considered by the board. I am of opinion that it should control in the present case and that the conclusion reached in the case of Meyer & Lange was erroneous.

It will be noted, therefore, that while a product similar to this was held not to be "meats, prepared" when the board depended wholly upon the provision for "meats, prepared or preserved," an article containing prepared meat was dutiable as prepared meat by virtue of other provisions of the tariff law applicable to dutiable articles, and presumably the subsequent administrative action in assessing such products as prepared meats would be attributed to this ruling of the board, and it is in no way in conflict with the original view laid down by the board in T. D. 17498. In other words, there is nothing in the administrative action to indicate that in assessing this product for duty under the provisions of paragraph 286 of the tariff act of 1909 the assessing officers relied upon the terms of that paragraph by itself, but, on the contrary, it is clearly indicated that they relied upon other provisions which cover a broader scope than the term "meats, prepared" and brought the product in question within that term by virtue of other provisions which the assessing officers were bound to recognize and apply. Here the article is mushrooms and beef. Neither the mixed-material clause nor the rule of chief value applies to articles on the free list. We think it clear, therefore, that the board was in error in holding this product to be free as prepared meats.

As no other provision is pointed out in the protest upon which reliance is had, the protest must be overruled.

*Reversed.*